Filed 12/15/20  P. v. Noble CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN WESLEY NOBLE,<br><br>    Defendant and Appellant. | D077542<br><br><br><br>(Super. Ct. Nos. SCN351073, HCN1627) |

APPEAL from an order of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, John Wesley Noble was charged with a murder which occurred in 1991.  In October 2016, Noble pleaded guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and admitted an enhancement under

---

[1]    All further statutory references are to the Penal Code.

section 12022, subdivision (a)(1). He was sentenced to an indeterminate term of 15 years to life. Noble did not appeal either his plea or sentence.

In February2020, Noble filed a petition for writ of mandate in the trial court seeking to have the court rule on motions to vacate his convictions which had previously been denied. The trial court denied the petition by written order which provided in part:

> "In criminal cases a Writ of Mandamus or Mandate is used to compel a court to perform a duty which is imposed by law when no plain, speedy, or adequate remedy is available. [(Civil Procedure Sections 1085-1086; *Payne v. Superior Court* (1976) 17 Cal. 3d 908, 925.)] Failure to allege and prove a duty of the respondent to act will defeat Petitioner's right to relief. [(*Bradshaw v. Duffy* (1980) 104 Cal.App.3d 475, 481.)]
>
> "Here Petitioner has not alleged any facts or law which support his apparent claim that he is unlawfully detained because Real Party in Interest and Respondent lack personal and subject matter jurisdiction over him and the judgment against him is void. Further, it is unclear what his claim is.
>
> "Petitioner has failed to make a prima facie showing of specific facts which would entitle him to Mandate relief under existing law. A Writ of Mandate issues only to compel performance of an act that law specifically enjoins; an applicant for writ must show that his right thereto is clear and certain. [(*City Council of Santa Monica v. Superior Court of Los Angeles County* (1962) 204 Cal.App.2d 68.)] As Petitioner has made no showing whatsoever, the Petition for Writ of Mandate is hereby denied."

Noble filed a timely notice of appeal and requested a certificate of probable cause, which was denied by the court.

2

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Noble the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1.  Did Noble's petition state a prima facie case for issuance of a writ of mandate; and

2.  Did the court err in not appointing counsel for Nobel.

We have reviewed the entire record as mandated by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Noble on this appeal.

---

[2] The facts of the 1991 offense are not relevant to our review of the record in the present case.  We will not include the traditional statement of facts.

DISPOSITION

The order denying Noble's petition for writ of mandate is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

4